**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4493**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CALVIN TOWNSEND, a/k/a Kojack,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:11-cr-00417-TLW-12)

Submitted:  January 17, 2013          Decided:  January 22, 2013

Before GREGORY, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elizabeth V. Tilley, THE LAW OFFICE OF ELIZABETH VAUGHN TILLEY, PC, Myrtle Beach, South Carolina, for Appellee.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Townsend pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine and twenty-eight grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006). He received a 210-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court complied with Fed. R. Crim. P. 11 when it accepted Townsend's guilty plea; and (2) whether the sentence imposed by the district court is reasonable. Although informed of his right to do so, Townsend has not filed a supplemental brief. The Government declined to file a response.

Because Townsend did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Here, we find no error, as the district court fully complied with Rule 11 when accepting Townsend's plea. Given no indication to the contrary, we therefore find that Townsend's plea was knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Next we review Townsend's sentence for reasonableness using an abuse of discretion standard. Gall v. United States,

2

552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include improperly calculating the advisory Sentencing Guidelines range, failing to consider the § 3553(a) sentencing factors, sentencing using clearly erroneous facts, or failing to adequately explain the sentence. Gall, 552 U.S. at 51. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Here, we discern no basis to conclude that Townsend's within-Guidelines sentence was either procedurally or substantively unreasonable. See United States v. Powell, 650 F.3d 388, 395 (4th Cir.) (noting this court presumes sentence within applicable Guidelines range to be reasonable), cert. denied, 132 S. Ct. 350 (2011).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Townsend's conviction and sentence. This court requires that counsel inform Townsend, in writing, of the right to petition the Supreme Court of the United States for further review. If Townsend requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation.  Counsel's motion must state that a copy thereof was served on Townsend.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED